IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-218(1) |
| | § | C.A. No. C-05-301 |
| PEDRO DE LA CRUZ-AGUILAR | § | |
|     Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
ORDER GRANTING MOTION FOR LEAVE TO FILE MEMORANDUM,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Defendant Pedro De La Cruz-Aguilar ("Aguilar") was convicted and sentenced in this Court, and judgment in his criminal case was entered on September 20, 2004. (D.E. 21). Aguilar did not appeal. On June 16, 2005, the Clerk received Aguilar's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 22). The motion was accompanied by a second motion seeking leave to file a memorandum of points and authorities in support of his § 2255 motion. (D.E. 23). The motion for leave to file a memorandum (D.E. 23) is GRANTED and the Court has considered Aguilar's memorandum.

As to Aguilar's § 2255 motion, the Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b)

of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Aguilar's motion is subject to dismissal because the sole claim he raises therein, a claim based on the Supreme Court's recent decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), does not entitle him to relief. For this reason, discussed in more detail below, the Court DENIES the motion.[1] Additionally, the Court DENIES Aguilar a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On May 12, 2004, Aguilar was charged in a four-count indictment with knowingly and intentionally possessing with several drug offenses, and several counts of being unlawfully found in the United States after having been previously excluded, deported and removed. (D.E. 1). After a plea of guilty to two of the four counts, Aguilar was sentenced on September 16, 2004. (D.E. 20). Final judgment was entered on September 20, 2004. He did not appeal. The Clerk received Aguilar's § 2255 motion on June 16, 2005. The sole claim he asserts therein is a claim pursuant to the Supreme Court's decisions in

---

[1] The Court notes that Aguilar's motion is also likely barred by his waiver of § 2255 rights contained in his written plea agreement. (<u>See</u> D.E. 12 at ¶ 6). Because there were some unusual circumstances regarding his guilty plea (<u>see</u> D.E. 11-16), however, the Court does not resolve Aguilar's motion on the grounds that the waiver bars the motion. Instead, the motion is dismissed because the sole claim raised therein, a claim based on <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), is not available to Aguilar.

Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

### III.  DISCUSSION

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.      Booker Claim**

As noted, the sole claim asserted by Aguilar is a claim for relief under Booker. Aguilar is not entitled to relief under Booker for the simple reason that Booker is not retroactively applicable on collateral review. Although the Fifth Circuit has not yet addressed whether Booker applies retroactively on initial collateral review, it recently held that the Supreme Court has not made Booker retroactive, for purposes of allowing second

3

or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d 211 (5th Cir. 2005). The Second, Third, Sixth, Seventh, Tenth and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005)(same); United States v. Bellamy, __ F.3d __, 2005 WL 1406176 (10th Cir. June 16, 2005)(same).

The Court agrees with the reasoning and conclusions set forth in the foregoing cases and thus holds that Booker is not retroactive to cases on collateral review. Because Aguilar's conviction became final prior to January 12, 2005, the date Booker was decided, he is not entitled to relief under Booker.

**C.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). Although Aguilar has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA.

See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Aguilar has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his sole claim is barred because Booker is not retroactive. Accordingly, Aguilar is not entitled to a COA.

### IV. CONCLUSION

For the foregoing reasons, Aguilar's motion for leave to file a memorandum in support of his § 2255 motion (D.E. 23) is GRANTED, and the Court has considered his memorandum. Additionally, Aguilar's motion to vacate, correct, or set aside his sentence

pursuant to 28 U.S.C. § 2255 (D.E. 22) is DISMISSED WITH PREJUDICE and Aguilar is DENIED a Certificate of Appealability.

ORDERED this 22nd day of June, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE